# IN THE COURT OF APPEALS OF IOWA

No. 19-1516
Filed August 5, 2020

**JUSTIN JAMES ZOBEL,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Cerro Gordo County, DeDra L. Schroeder, Judge.

Justin Zobel appeals the denial of his application for postconviction relief. **AFFIRMED.**

Richard Hollis, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Justin Zobel was convicted of several crimes. The court of appeals affirmed his judgment and sentences. *See State v. Zobel*, No. 16-0892, 2017 WL 3077922, at *5 (Iowa Ct. App. July 19, 2017).

Zobel filed a postconviction-relief application in 2017, alleging in part that "at least one member of the jury panel lied when asked about any sort of relationship or association with the victim." He did not attach an affidavit to support the allegation. *See* Iowa Code § 822.4 (2017) ("Affidavits . . . supporting its allegations shall be attached to the application or the application shall recite why they are not attached.").

The district court appointed counsel for Zobel and scheduled the matter for hearing a year later. Shortly before the hearing date, counsel moved for a continuance, citing an inability to communicate with Zobel for several months. The district court granted the motion. The court later granted a second motion to continue in addition to a motion to remove the case from the list of cases subject to dismissal for lack of prosecution. *See* Iowa R. Civ. P. 1.944.

On the rescheduled hearing date in 2019, Zobel's attorneys filed a brief re-asserting that Zobel "should be awarded a new trial due to juror misconduct and juror bias as [a] juror . . . had a relationship or association with the purported victim." They also filed a motion for additional time to obtain an affidavit from Zobel to "explain his knowledge of the relationship" between that juror and "the purported victim." They claimed they had not been able to communicate with Zobel for approximately one week.

The district court denied the motion and the postconviction-relief application, reasoning as follows:

> The applicant in this case has failed to present any evidence regarding the issue of juror misconduct or juror bias. Mere assertions in the application and briefing are insufficient.
> Counsel for the applicant requested additional time to present evidence by way of affidavit of the applicant. The applicant has failed to maintain contact with his counsel. . . . The request for additional time was denied.

On appeal, Zobel argues the district court's denial of his motion for additional time violated his due process rights under the United States and Iowa Constitutions. He failed to preserve error on this issue. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (citation omitted) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

In the alternative, Zobel argues "postconviction counsel were ineffective for failing to present [his] motion for additional time to obtain affidavit from [him] as a request implicating [his] rights to due process of law." To prevail, he must establish deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). We may resolve the claim on either prong. *Nguyen v. State*, 878 N.W.2d 744, 754 (Iowa 2016) ("Since we conclude that counsel did not fail to perform an essential duty, we need not address the prejudice prong of the ineffective-assistance-of-counsel analysis."). Zobel does not expound upon the deficient-performance prong other than to say that his attorneys breached their duties of competence and diligence. We are unpersuaded.

Zobel had two years to obtain an affidavit to support his allegation of juror misconduct. He was appointed counsel to assist him in this endeavor, but he failed to communicate with them, prompting them to file two continuance motions and a motion for reinstatement of the case. Although he apparently contacted his attorneys a week before the rescheduled hearing date, the record does not disclose the nature of the communication or whether counsel had an opportunity to request an affidavit at that juncture. Even if they did, Zobel does not explain how their failure to request and obtain an affidavit at that late date amounted to deficient performance, given his dilatory conduct up to that point. *See State v. Clark*, 814 N.W.2d 551, 562 (Iowa 2012) ("Clark's claim that the district court's denial of his motion for continuance and additional depositions violated his due process rights and right to present a complete defense must fail."); *Mitchell v. State*, No. 09-0610, 2013 WL 750121, at *4 (Iowa Ct. App. Feb. 27, 2013) ("Continuances are only appropriate when the reason for more time is not the result of a party's own fault or negligence." (citing Iowa R. Civ. Pro. 1.911(1))).

We conclude counsel did not breach an essential duty in failing to raise due process concerns in the motion for additional time. Because Zobel had ample opportunity to prove his claim and failed to present evidence after multiple continuances, we further conclude the district court appropriately denied his postconviction-relief application on the merits.

**AFFIRMED.**